IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RHIANNIN SKEELS,

           Plaintiff,

v.

KENDRICK PILEGAARD,

           Defendants.

NO. C12-2175 TEH

ORDER GRANTING IN PART
AND DENYING IN PART
MOTIONS TO DISMISS FILED
BY VERONIQUE AU, M.D.,
AND CITY DEFENDANTS

        This matter comes before the Court on two motions, each requesting partial dismissal of Plaintiff Rhiannin Skeels's Second Amended Complaint. The motions, filed by the City of Novato, its subdivisions and officers (collectively, "City Defendants") and Veronique Au, M.D. ("Au"), were heard on January 7, 2013. Upon careful consideration of the parties' papers and oral arguments, each motion is GRANTED IN PART and DENIED IN PART for the reasons given below.

**BACKGROUND**

        The facts alleged in the Second Amended Complaint are as follows: On June 4, 2011, at approximately 11:00 p.m., Skeels stepped off a curb in Novato, California, lost her balance, and fell. Her head struck the curb, and she lost consciousness. Skeels's acquaintance Brandon Sigmund, who was with her when she fell, dialed 911 and requested medical assistance.

        Paramedics from the Novato Fire Protection District responded to Sigmund's call, together with several Novato Police Department officers, among them Defendant Kendrick Pilegaard. Skeels told the paramedics that she did not need medical attention and did not

want to be evaluated, and Sigmund asked them whether he could safely transport Skeels home or to the hospital.

Pilegaard and the other officers handcuffed Sigmund, led him away from Skeels, and threatened to arrest him if he returned. The officers then forcefully and violently placed Skeels under arrest for public intoxication. In the course of executing the arrest, the officers forced Skeels into a standing position, pushed her into the wall of a building, forced her onto a gurney, and applied mechanical restraints, causing her injury. At the direction of the police officers, the paramedics transported Skeels to Novato Community Hospital by ambulance. Pilegaard rode in the back of the ambulance with Skeels and interfered with the paramedics' treatment of her injuries.

At Novato Community Hospital, Skeels was examined by Au and other medical staff and diagnosed with a closed head injury. Pilegaard stayed in the exam room and, without Skeels's knowledge or consent, recorded her conversations with Au and other medical staff using an electronic recording device. Au did not obtain Skeels's written authorization to release her medical information to Pilegaard.

Under pressure from Pilegaard, Au cleared Skeels to be taken to Marin County Jail. After Skeels was booked, Pilegaard remained at the jail rather than returning to his regular duty. At the jail, Pilegaard continued to make audio recordings of Skeels's statements without her consent, and he harassed and intimidated her until the following morning. The jailors threatened and intimidated Skeels into removing her clothes and exposing her breasts, buttocks and/or sexual organs to them and to Pilegaard.

Skeels alleges that, as a result of the above-described events, she suffered physical injury and emotional distress, for which she now seeks recovery. Her Second Amended Complaint sets out sixteen claims for relief under 42 U.S.C. § 1983 and California state law. City Defendants ask the Court to dismiss all claims alleged against them, and Au requests dismissal of all claims alleged against her.

**LEGAL STANDARD**

The defendants bring their motions under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. To state a claim, a complaint must contain "a short and plain statement" showing "the grounds for the court's jurisdiction" and "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal is appropriate under Rule 12(b)(6) when a complaint fails "to state a claim upon which relief can be granted." A complaint will survive a 12(b)(6) motion if its "non-conclusory factual content, and reasonable inferences from that content" plausibly suggest a claim entitling the plaintiff to relief. *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 555 U.S. 662 (2009)) (internal quotation marks omitted).

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, "to be entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id*.

Unless amendment would be futile, leave to amend should be freely granted. Fed. R. Civ. P. 15(a)(2).

**DISCUSSION**

City Defendants' motion is addressed to Skeels's First, Fourth, Sixth, Seventh, Eighth, Eleventh, Twelfth, Thirteenth, and Fourteenth Claims, and Au's motion to her Tenth, Eleventh, and Twelfth Claims. The Court will discuss each claim for which dismissal is requested in the order it appears in the Second Amended Complaint.

**A. First Claim – Section 1983**

Under 42 U.S.C. § 1983, a person may bring an action against a government employee who, acting under color of law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. In her first claim for relief, Skeels alleges that Pilegaard and unnamed officers violated her rights under the Fourth and Fourteenth Amendments by arresting her without probable cause, using excessive and unreasonable force to take her into custody, interfering with her medical treatment, invading her privacy, and harassing her while she was being held in the jail.

**1. Fourth Amendment (False Arrest)**

"An arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

City Defendants argue that Skeels's factual allegations demonstrate that her arrest for public intoxication in violation of section 647(f) of the California Penal Code was supported by probable cause, and that her false arrest claim must therefore be dismissed. It is possible for a plaintiff to plead herself out of court on a false arrest claim by alleging facts that establish that the arresting officer had probable cause to believe that a crime was being committed, *see*, *e.g.*, *Fayer v. Vaughn*, 649 F.3d 1061, 1065 (9th Cir. 2011), but the allegations in Skeels's complaint, taken as true, do not establish that the officers had probable cause to arrest her. City Defendants argue that the fact that Skeels fell off a curb supports an inference that she was intoxicated. Intoxication is a possible explanation for Skeels's fall, but it certainly is not the only one – clumsiness and inattention also come to mind. The Court must draw reasonable inferences in favor of Skeels, and she has sufficiently

4

alleged facts showing that her arrest was without probable cause. City Defendants' motion to dismiss Skeels's Fourth Amendment false arrest claim is therefore DENIED.

### 2. Fourteenth Amendment (Substantive Due Process)

Skeels also asserts a Fourteenth Amendment substantive due process claim based on allegations that Pilegaard invaded her rights to medical privacy, bodily integrity, and personal security.[1] City Defendants argue that, in the context of an arrest, such allegations should be considered under the Fourth Amendment. Whenever a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). In *Fontana v. Haskin*, the Ninth Circuit held that the plaintiff's claim that a police officer subjected her to sexual harassment and inappropriate touching was "better seen as a Fourth Amendment claim" rather than a Fourteenth Amendment substantive due process claim, because the arrestee "had been seized by the police." 262 F.3d 871, 878-81 (9th Cir. 2001). As in *Fontana*, all the harms alleged against City Defendants in this suit arose out of and took place during Skeels's arrest. Accordingly, her allegations are properly considered under the Fourth Amendment, and her Fourteenth Amendment due process claim is DISMISSED with prejudice.

### 3. Fourth Amendment (Unreasonable Seizure)

The officers violated Skeels's Fourth Amendment rights if their conduct in the course of the seizure was unreasonable. *Torres v. City of Madera*, 524 F.3d. 1053, 1055 (9th Cir. 2008). "Beyond the specific proscription of excessive force, the Fourth Amendment generally proscribes 'unreasonable intrusions on one's bodily integrity' . . . and other harassing and abusive behavior that rises to the level of 'unreasonable seizure.'" *Fontana*, 262 F.3d at 878-79.

---

[1] Skeels concedes that, under *Graham*, the Fourth Amendment, rather than the Fourteenth Amendment governs her excessive force claim.

5

1    City Defendants address only excessive force and assert that the force used was
2 reasonable because "the facts suggest plaintiff did not have control over her body or mental
3 faculties." City Defs.' Mot. at 10 (Docket No. 53). However, viewing the facts in the light
4 most favorable to Skeels, the officers used violent force that would not be justified regardless
5 of whether Skeels had control over her body and mental faculties. Skeels has therefore
6 sufficiently stated an excessive force claim. Moreover, City Defendants do not contend that
7 it was reasonable for Pilegaard to observe and interfere with Skeels's medical treatment,
8 harass and intimidate her while she was at the jail, observe her while she was being forced to
9 undress, or make audio recordings of her statements. City Defendants' motion to dismiss
10 Skeels's unreasonable seizure claim is therefore DENIED.

### B. Fourth Claim – Bane Act

12   The Tom Bane Civil Rights Act, section 52.1 of the California Civil Code, provides a
13 civil action for damages based on interference "by threats, intimidation, or coercion" with
14 plaintiffs' rights under the Constitution and laws of California and the federal government.
15 Cal Civ. Code § 52.1(a) & (b). Citing to a recent California court of appeal decision,
16 *Shoyoye v. County of Los Angeles*, City Defendants argue that Skeels has failed to state a
17 claim under section 52.1 because she has not shown threats, intimidation, or coercion
18 independent from her arrest. 203 Cal. App. 4th 947 (2012). In *Shoyoye*, an administrative
19 error resulted in the plaintiff being erroneously detained for over two weeks after his release
20 date. *Id*. at 959. The court held that in the absence of a showing of knowledge or intent, the
21 coercion inherent in a wrongful overdetention – the fact that the plaintiff was not free to
22 leave the jail – was insufficient to satisfy section 52.1's requirement that the interference
23 with the plaintiff's rights be accomplished "by threats, intimidation, or coercion." *Id*. The
24 court reasoned that section 52.1 was not intended to redress harms "brought about by human
25 error rather than intentional conduct." *Id.* The harms that Skeels alleges were not brought
26 about by human error, but rather by intentional conduct, conduct which could be reasonably
27 perceived as threatening, intimidating, or coercive. *See Venegas v. County of Los Angeles*,
28 32 Cal. 4th 820, 827-28, 843 (2004) (unreasonable search and seizure); *Gillan v. City of San*

6

*Marino*, 147 Cal. App. 4th 1033, 1050 (2007) (arrest without probable cause); *Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.*, 387 F. Supp. 2d 1084, 1103-04 (N.D. Cal. 2005) (unreasonable search and seizure). City Defendants' motion to dismiss Skeels's Bane Act claim is therefore DENIED.

### C. Sixth Claim – False Arrest and Detention

City Defendants argue that Skeels's false arrest claim should be dismissed because the facts alleged in her complaint do not show that the officers lacked probable cause to arrest her. Under California Law, false arrest or false imprisonment "is defined as the unlawful violation of the personal liberty of another." *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 757 (1997). A cause of action for false arrest or false imprisonment "is stated where it is alleged that there was an arrest without process, followed by imprisonment and damages." *Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579, 592 (1979). Probable cause is a defense to a false arrest claim premised on a warrantless arrest; to make out a prima facie case, a plaintiff need not show lack of probable cause. *See id.*; *Levin v. United States*, 158 Cal. App. 4th 1002, 1018 (2008). City Defendants do not dispute that Skeels has sufficiently pled that her arrest was without process, that she was imprisoned, or that she suffered damages. Their motion to dismiss Skeels's unlawful arrest claim is therefore DENIED.

### D. Seventh Claim – Battery

City Defendants argue that Skeels's allegations fail to support a plausible claim for battery. California has adopted the Restatement definition of battery: "any intentional, unlawful, and harmful contact by one person with the person of another." *Munoz v. Union City*, 120 Cal. App. 4th 1077, 1102 (2004). To prevail on a battery claim against a police officer, a plaintiff must prove that the officer used unreasonable force. *Id.* Skeels's battery claim is therefore governed by the Fourth Amendment's reasonableness standard. *See id.* at 1102 & n. 6. As discussed above, Skeels's complaint sufficiently alleges that the officers' use of force in arresting her was unreasonable. City Defendants' motion to dismiss Skeels's battery claim is DENIED.

### E. Eighth Claim – Intentional Infliction of Emotional Distress

7

City Defendants argue that the allegations in Skeels's complaint are insufficient to state a cause of action for intentional infliction of emotional distress. The elements of intentional infliction of emotional distress are "(1) outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of the emotional distress." *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1376 (2010) (internal quotation marks and citation omitted). The California Supreme Court has set a high bar for finding "severe emotional suffering," defining it as "emotional distress of such a substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1004 (1993) (internal citations and quotation marks omitted). In *Hughes v. Pair*, the California Supreme Court held that a plaintiff's statement that she had suffered "discomfort, worry, anxiety, upset stomach, concern, and agitation" was insufficient to show severe emotional suffering. 46 Cal. 4th 1035, 1051 (2009); *see also Wong*, 189 Cal. App.4th at 1376 (emotional upset, lost sleep, stomach upset, general anxiety insufficient); *Saari v. Jongordon Corp.*, 5 Cal. App. 4th 797, 806-07 (1992) (complete disruption of life and diagnosis of depression sufficient); *Kelly–Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (anxiety, tightness in chest, heart palpitations, panic attacks, depression, insomnia, and diagnosis of post traumatic stress disorder sufficient). Skeels alleges only that she "sustained severe mental pain and suffering." This conclusory allegation is insufficient to show that the distress she suffered was of such substantial or enduring quality that no reasonable person in civilized society should be expected to endure it. Accordingly, Skeels's intentional infliction of emotional distress claim is DISMISSED without prejudice.

### F. Tenth Claim – Lack of Informed Consent

Skeels concedes that her the tenth claim, against Au for lack of informed consent, should be dismissed. It is therefore DISMISSED with prejudice.

### G. Eleventh Claim – CMIA

8

Skeels's Eleventh Claim, alleged against Au and Pilegaard, is for wrongful disclosure of private medical information in violation of California's Confidentiality of Medical Information Act ("CMIA"), California Civil Code § 56 *et seq*. Section 56.10(a) provides, in relevant part, that "[n]o provider of health care, health care service plan, or contractor shall disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization, except as provided in subdivision (b) or (c)."

### 1. Pilegaard

City Defendants move to dismiss the CMIA claim against Pilegaard on the ground that the Act does not apply to him. Because Pilegaard is not a "provider of health care, health care service plan, or contractor," section 56.10(a) does not govern his conduct. Skeels's CMIA claim against Pilegaard is therefore DISMISSED with prejudice.

### 2. Au

Au argues that Skeels has not sufficiently pled a CMIA claim against her because the facts in the complaint do not show that Au disclosed any information to Pilegaard that she was not permitted or required by law to disclose. Au relies on a catchall exception in the CMIA that permits health care providers to disclose medical information without patient authorization "when the disclosure is otherwise specifically authorized by law." Cal. Civ. Code § 56.10(c)(14). In the only reported decision concerning this provision, *Shaddox v. Bertani*, the court of appeal interpreted the exception broadly, concluding that it was sufficient for a statute or ordinance to express a general policy favoring the disclosure of patient medical information in a particular circumstance, even if the statute or ordinance did not expressly permit such disclosure. 110 Cal. App. 4th 1406, 1412-13 (2003).[2]

---

[2] *Shaddox* involved a dentist's disclosure to the police department of his suspicion that one of its officers was addicted to prescription pain medication. 110 Cal. App. 4th at 1412-13. The court of appeal held that the disclosure was authorized under subdivision (c)(14), even though the dentist had not identified any law specifically authorizing disclosure. The court concluded that disclosure was justified pursuant to: (1) a San Francisco City Charter provision's "public policy of encouraging citizens to report claims of misconduct by police officers," and (2) California Penal Code section 832.5(a)(1), which mandates the establishment of procedures for the investigation of public complaints against peace officers.

9

1  In this case, Au contends that the disclosure was authorized by California Penal Code
2 section 4015(b) and Government Code section 845.6, but neither statute applies to the
3 circumstances alleged here. Penal Code section 4015(b) permits county jails to refuse to take
4 into custody any "person who is in need of immediate medical care until the person has been
5 transported to a hospital or medical facility so that his or her medical needs can be addressed
6 prior to booking into county jail." The section's purpose is to relieve counties of the
7 obligation of paying for medical care for arrestees. Gov. Signature Letter, S.B. 1559 (Stats.
8 1992, c. 697), Senate Journal, 1991-92 Reg. Sess. 8295 (Sept. 14, 1992). Government Code
9 section 845.6 provides for a civil action against a public employee who "knows or has reason
10 to know that [a] prisoner is in need of immediate medical care" and "fails to take reasonable
11 action to summon such medical care," and is grounded in "the moral obligation of common
12 decency and common humanity, to come to the need of another human being who is in
13 danger." *Hart v. Orange County*, 254 Cal. App. 2d 302, 307 (1967) (internal quotation
14 marks and citation omitted). Au's alleged disclosure to Pilegaard of her entire medical
15 examination of Skeels without Skeels's consent does not serve the purposes of either statute
16 and therefore does not fall within the purview of subdivision (c)(14), even under the *Shaddox*
17 court's broad reading. Au's motion to dismiss Skeels's Eleventh Claim is therefore
18 DENIED.

### H. Twelfth Claim – California Privacy Initiative

The twelfth claim, alleged against Au, Pilegaard, and unnamed police officers, is for invasion of privacy under the California Privacy Initiative, codified in Article I, section 1 of the California Constitution.

#### 1. Pilegaard

Skeels contends that Pilegaard invaded her privacy by riding in the ambulance with her, staying in her hospital room, and listening in on and recording her communications with the paramedics and Au. Invasion of privacy has three elements: "(1) a legally protected

---

*Id.* at 1413.

10

1 privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3)
2 conduct by defendant constituting a serious invasion of privacy." *Ortiz v. Los Angeles Police*
3 *Relief Ass'n*, 98 Cal. App. 4th 1288, 1300 (2002) (internal quotation marks and citations
4 omitted). City Defendants argue that Skeels's allegations do not demonstrate that she had a
5 reasonable expectation of privacy. City Defendants are correct that, as an arrestee, Skeels
6 did not have a reasonable expectation of privacy in the determination of whether she was
7 medically cleared to be taken to jail, *see* Cal. Penal Code § 4015(b), but that does not mean
8 that Skeels had no reasonable expectation of privacy in the details of the exam leading up to
9 that determination. It is well-established that a person has a reasonable expectation of
10 privacy in freedom from observation in a hospital room and while riding in an ambulance,
11 and in not having his or her conversations with medical personnel recorded, and Defendants
12 have cited no authority that a person's status as an arrestee alters that expectation. *See*
13 *Shulman v. Group W Prods., Inc.*, 18 Cal. 4th 200, 232-33 (1998); *Hill v. Nat'l Colligiate*
14 *Athletic Assn.*, 7 Cal. 4th 1, 24 (1994). Accordingly, City Defendants' motion to dismiss is
15 DENIED as to Skeels's Twelfth Claim.

### 2. Au

17 Au argues that Skeels's claim for public disclosure of private facts should be
18 dismissed because she has failed to state facts that would support this cause of action. Under
19 California law, the elements of a claim for public disclosure of private facts are: "(1) public
20 disclosure (2) of a private fact (3) which would be offensive and objectionable to the
21 reasonable person and (4) which is not of legitimate public concern." *Shulman*, 18 Cal. 4th
22 at 214. The element of public disclosure "must be accompanied by publicity in the sense of
23 communication to the public in general or to a large number of persons as distinguished from
24 one individual or a few." *Kinsey v. Macur*, 107 Cal. App. 3d 265, 271 (1980); *see also*
25 *Catsouras v. Dept. of Cal. Hwy. Patrol*, 181 Cal. App. 4th 856, 904 (2010). Skeels does not
26 allege that Au disseminated her private medical information to the public in general or to a
27 large group of people; she therefore has not stated a claim for public disclosure of private
28 facts.

11

However, Skeels also argues that disclosure of medical information in violation of the CMIA supports a privacy claim under the California Constitution. *See Pettus v. Cole*, 49 Cal. App. 4th 402, 440-47 (1996) (noting that the reasonableness of a plaintiff's expectation of privacy in his medical information was confirmed by the protection of such information by the CMIA, and that this supported a constitutional privacy claim). Au's only opposition to this argument is that she did not violate the CMIA. However, as explained above, the Court finds that Skeels has sufficiently stated a claim under the CMIA against Au. The Court therefore DENIES Au's motion to dismiss Skeels's privacy claim insofar as it is premised on a violation of the CMIA.[3]

**I. Thirteenth Claim – California Invasion of Privacy Act**

City Defendants move to dismiss Skeels's claim under California's anti-eavesdropping statute, the Invasion of Privacy Act, California Penal Code § 637.2, which provides for a civil action for damages based on violations of sections 632 and 636. Section 632 prohibits the intentional electronic recording of a confidential communication without the consent of the parties to that communication, unless it is "known by all parties to a confidential communication" that the recording is being made. Cal. Penal Code § 632(a), (b).[4] Under Section 632, even a party to a conversation may not "record[] the conversation without first informing all parties to the conversation that the conversation is being recorded." *Kearney v. Salomon Smith Barney*, *Inc*., 39 Cal. 4th 95, 118 (2006). Skeels alleges that she was unaware that Pilegaard was making an audio recording of her confidential communication with Au and that she did not consent to the recording. She has therefore stated a claim under section 632.

---

[3] In her opposition, Skeels concedes that she has not stated a claim against Au based on intrusion on seclusion, which consists of "(1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." *Shulman*, 18 Cal. 4th at 231.

[4] The statute defines "confidential communication" to include "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto. . . ." Cal. Penal Code § 632(c).

12

Skeels has also stated a claim under section 636. Subdivision (b) of section 636 prohibits non-electronic eavesdropping on:

> a conversation, or any portion thereof, that occurs between a person who is in the physical custody of a law enforcement officer and that person's attorney, religious adviser, or licensed physician . . . in a place, and under circumstances, where there exists a reasonable expectation of privacy, including a custody holding area, holding area, or anteroom.[5]

The California Supreme Court has characterized section 636 as a "flat ban on unconsented-to eavesdropping regardless of motive." *In re Arias*, 42 Cal. 3d 667, 679 (1986), *abrogation by statute on other grounds recognized in Thompson v. Dep't of Corrections*, 25 Cal. 4th 117, 130 (2001). In *Arias*, the court held that section 636 prohibited youth correctional facility staff from eavesdropping on conversations between wards and their religious advisor, regardless of whether the parties to the conversation were aware that their conversations were being monitored. *Id*. at 681 & n. 11. The court observed that "Section 636 protects the rights of persons in custody to engage in private conversations with particular persons based on the special relationship between the communicants" which "the law has endowed with particularized confidentiality." *Id*. at 680 (internal quotation marks and citations omitted). In the present case, Pilegaard is alleged to have listened in on and recorded Skeels's medical examination by Au, a licensed physician, which took place in a hospital examination room. Under these circumstances, Skeels had a reasonable expectation of privacy in their conversations and has therefore stated a claim under section 636.

Accordingly, City Defendants' motion to dismiss Skeels's Thirteenth Claim is DENIED.

### J. Fourteenth Claim – Negligence

#### 1. City and Police Department

City Defendants move to dismiss Skeels's negligence claim against the City and the Police Department based on her failure to specify a statutory basis for her claim. Under

---

[5] Because Skeels has not alleged that Novato Community Hospital, where the recording took place, is a public agency, she has not stated a claim under subdivision (a). *Cf*. Cal. Gov't Code § 6500.

13

subdivision (a) of California Government Code § 815.2, a governmental agency may be held vicariously liable for the torts of its employees acting within the scope of their employment. Because Pilegaard was acting in the scope of his employment, the City and the Police Department are vicariously liable for his negligence.

Skeels has not, however, alleged a sufficient basis for finding the City and Police Department directly liable to her under California law. Direct liability of a governmental agency must be based on a statute that declares the governmental entity to be liable or creates a specific duty of care. Cal. Gov't Code § 815; *de Villers v. County of San Diego*, 156 Cal. App. 4th 238, 247 (2007). As a condition to recovery against a local government entity based on direct liability, an injured party must identify a specific statute declaring the entity to be liable or creating a duty of care by the entity toward the injured party. *Eastburn v. Regional Fire Protection Auth.*, 31 Cal. 4th 1175, 1183 (2003). Skeels has not identified such a statute, and California courts of appeal have held that no statutory basis exists for a claim of direct liability based on a public entity's negligent hiring, policymaking, and supervision. *See Munoz v. City of Union City* 120 Cal. App. 4th at 1113; *de Villers*, 156 Cal. App. at 252-53. To the extent that it is premised on a direct liability theory, Skeels's negligence claim against the City and the Police Department is therefore DISMISSED with prejudice.

### 2. Pilegaard

City Defendants argue that Skeels's negligence claim against Pilegaard should be dismissed because she has not alleged facts establishing that Pilegaard owed her a duty of care or that he breached that duty. The elements of negligence under California law are: "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Evan F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 834 (1992). In *Hernandez v. City of Pomona*, the California Supreme Court held that the determination whether officers breached a legal duty in a negligence cause of action was coterminous with the determination whether they acted reasonably for Fourth Amendment purposes. 46 Cal. 4th 501, 513-15 (2009); *see also*

*Robinson v. Solano County*, 278 F.3d 1007, 1016 (9th Cir. 2002) (en banc). Accordingly, for the reasons that the Court has held that Skeels has stated a Fourth Amendment unreasonable seizure claim, the motion to dismiss the negligence claim against Pilegaard is DENIED.

**CONCLUSION**

For the reasons stated above, it is hereby ORDERED that City Defendants' motion to dismiss is GRANTED as to Skeels's § 1983 Fourteenth Amendment Claim, intentional infliction of emotional distress claim, CMIA claim, and her claim that the City and the Police Department are directly liable for negligence. Leave to amend is GRANTED with respect to the intentional infliction of emotional distress claim.

It is further ORDERED that Au's Motion to dismiss is GRANTED with respect to Skeels's Tenth Claim, which is DISMISSED WITH PREJUDICE, and GRANTED without prejudice with respect to Skeels's Twelfth Claim insofar as it is based on public disclosure of private facts.

Defendants' motions are otherwise DENIED. Any amended complaint shall be filed on or before March 28, 2013.

**IT IS SO ORDERED.**

Dated: 03/05/2013

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

15