IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHIANNIN SKEELS,<br><br>    Plaintiff,<br><br>v.<br><br>KENDRICK PILEGAARD, et al.,<br><br>    Defendants. | NO. C12-2175 TEH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND ALLOWING PLAINTIFF LEAVE TO FILE MOTION TO MODIFY CASE MANAGEMENT ORDER |

This matter came before the Court on October 7, 2013, on Defendant County of Marin ("County")'s motion for judgment on the pleadings. Having carefully considered the parties' written and oral arguments, the Court GRANTS the County's motion for the reasons discussed below. In addition, the Court will allow Plaintiff Rhiannin Skeels ("Plaintiff") an opportunity to demonstrate that good cause exists for modifying the previously ordered July 1, 2013 deadline for amending the complaint. If Plaintiff fails to show good cause, the County's motion will be granted with prejudice.

**BACKGROUND**

On April 1, 2013, the Court held a case management conference with the parties. At the conference, the Court imposed a deadline of July 1, 2013 as the last day to amend the complaint to name individual defendants. Apr. 1, 2013 Minute Order (Docket No. 68.) On April 29, 2013, Plaintiff received discovery from the County that formally disclosed the names of sheriff's deputies at Marin County Jail ("MCJ"). Anderson Decl. ¶ 8 (Docket No. 86-1.) On May 3, 2013, Plaintiff filed the Third Amended Complaint ("TAC"). (Docket No. 75.) The TAC, however, did not name individual defendants, and the July 1, 2013 case management deadline lapsed without further amendment.

The TAC alleges the following:

On June 4, 2011, at approximately 11:00 PM, Plaintiff stepped off a curb in Novato, California, lost her balance, and fell. Her head struck the curb, and she lost consciousness. Plaintiff's acquaintance, Brandon Sigmund, was with her when she fell and dialed 911 to request medical assistance.

Paramedics from the Novato Fire Protection District responded to Sigmund's call, together with several Novato Police Department officers, among them Defendant Kendrick Pilegaard. Plaintiff told the paramedics that she did not need medical attention and did not want to be evaluated, and Sigmund asked them whether he could safely transport Plaintiff home or to the hospital.

Pilegaard and the other officers handcuffed Sigmund, led him away from Plaintiff, and threatened to arrest him if he returned. The officers then forcefully and violently placed Plaintiff under arrest for public intoxication. In the course of executing the arrest, the officers forced Plaintiff into a standing position, pushed her into the wall of a building, forced her onto a gurney, and applied mechanical restraints, causing her injury. At the direction of the police officers, the paramedics transported Plaintiff to Novato Community Hospital by ambulance. Pilegaard rode in the back of the ambulance with Plaintiff and interfered with the paramedics' treatment of her injuries.

At Novato Community Hospital, Plaintiff was examined by Defendant Veronique Au and other medical staff and diagnosed with a closed head injury. Pilegaard stayed in the exam room and, without Plaintiff's knowledge or consent, recorded her conversations with Au and other medical staff using an electronic recording device. Au did not obtain Plaintiff's written authorization to release her medical information to Pilegaard.

Au cleared Plaintiff to be taken to MCJ. Pilegaard transported her there and remained at MCJ, where he interfered with booking and jailing procedures until the following morning. Pilegaard stood near Plaintiff and eavesdropped on her statements with an electronic recording device. During Plaintiff's detainment at MCJ, MCJ employees allegedly forced Plaintiff to remove her clothing through use of intimidation, coercion, harassment, and

2

threats of force causing her breasts, buttocks, and sexual organs to be exposed and viewed by MCJ employees and other persons in the area, including male observers and Pilegaard.

The TAC sets out fourteen claims for relief against various Defendants. The only one at issue in this motion is the Thirteenth Claim for Relief for negligence, which is the only claim asserted directly against the County. On August 30, 2013, the County moved for judgment on the pleadings on the negligence claim. (Docket No. 83.) On September 13, 2013, Plaintiff opposed the motion and preemptively requested in her opposition briefing relief from an anticipated judgment that would be entered on behalf of the County pursuant to Federal Rule of Civil Procedure 60.[1] Plaintiff specifically sought leave to file a proposed fourth amended complaint to add the names of individual county defendants on the basis of inadvertence and excusable neglect due to a calendaring mistake which caused Plaintiff's counsel to miss the July 1, 2013 deadline to add individual defendants. The proposed fourth amended complaint would add the names of five sheriff's deputies or medical personnel employed by the MCJ for violations of 42 U.S.C. § 1983, and California claims including violations of the Ralph Act, the Bane Act, and for negligence claims relating to Plaintiff's alleged placement in a safety cell and disrobement at the jail. Ex. 1 to Anderson Decl. The proposed fourth amended complaint would also add citations to California regulations that purport to impose a mandatory duty on the County in support of Plaintiff's direct negligence claim against it.

**LEGAL STANDARD**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions filed pursuant to Rule 12(b) and Rule 12(c) differ in the time of filing but are "functionally identical." *Dworkin v. Hustler Magazine, Inc.,* 867 F. 2d 1188, 1192 (9th Cir. 1989). In ruling on either motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles Cnty.,* 487 F.3d 1246,

---

[1] All references to "Rule" hereinafter refer to the Federal Rules of Civil Procedure.

1249 (9th Cir. 2007). A dismissal under either rule "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion for judgment on the pleadings, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the deficiencies in the complaint. *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1296 (9th Cir. 1998). "While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar them; it is common to apply Rule 12(c) to individual causes of action. Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment." *Pixion, Inc. v. Citrix Sys., Inc.*, No. C 09-03496 SI, 2012 WL 762005, at *4 (N.D. Cal. Mar. 8, 2012) (internal citation and quotations omitted).

**DISCUSSION**

The issues before the Court are: (1) whether the County is entitled to judgment on the pleadings because the TAC fails to state a legally cognizable negligence claim against it; and (2) whether Plaintiff should be granted leave to amend the complaint, notwithstanding that the case management deadline to add additional defendants has closed.

**I.     Judgment on the Pleadings**

Plaintiff's negligence claim alleges that the County owed a duty to Plaintiff and those similarly situated to:

4

      (a) properly screen and/or psychologically test/profile applicants for Marin County Jail officer and/or Sheriff's Deputy;

      (b) provide proper training after hiring said applicants to properly perform their duties;

      (c) supervise such individuals;

      (d) provide guidelines and procedures for its County Jail officers and Sheriff's Deputies concerning the proper way to effectuate the removal of clothing and search of a female detainee;

      (e) ensure all policies and procedures of the Marin County Sheriff's Office were followed by County Jail officers and Sheriff's Deputies; and

      (f) to take adequate steps to discipline County Jail officers and Sheriff's Deputies for violations of departmental policies, or state or federal laws.

TAC ¶ 122. The County argues that this negligence claim must be dismissed because the California Government Code allows for public entity liability only where a mandatory duty is imposed by statute. Because the TAC fails to identify any statutory basis for imposing a mandatory duty on the County, the County contends that Plaintiff's negligence claim against it fails as a matter of law. The Court agrees.

"Tort liability of public entities in California is governed by the Tort Claims Act (Gov. Code, § 810 et seq.)." *Forbes v. Cnty. of San Bernardino*, 101 Cal. App. 4th 48, 53 (2002). Section 815 of the Government Code provides that a public entity is generally not liable for an injury unless otherwise provided by statute. Cal. Gov. Code § 815(a). "Section 815 'abolishes all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the state or federal constitution . . . [such that] public entities may be held liable only if a statute . . . is found declaring them to be liable.'" *Forbes*, 101 Cal. App. 4th at 53 (citing Sen. Com. com., 32 West's Ann. Gov. Code, (1995 ed.) foll. § 815, p. 167).

    In addition, Government Code section 815.6 provides that:

      [w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty

5

>  unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

To plead the breach of a mandatory duty, a litigant must "specifically allege the applicable statute or regulation. Only by so doing may the public entity be advised of the factual and legal basis of the claim against it." *Lehto v. City of Oxnard*, 171 Cal. App. 3d 285, 292-93 (1985). "Before the public agency will be required to confront a rebuttable presumption of negligence, plaintiff must demonstrate that: (1) the statute which was violated imposes a mandatory duty, (2) the statute was intended to protect against the type of harm suffered, and (3) breach of the statute's mandatory duty was a proximate cause of the injury suffered." *Wilson v. Cnty. of San Diego*, 91 Cal. App. 4th 974, 979-80 (2001) (citing *Braman v. State of California*, 28 Cal. App. 4th 344, 349 (1994)) (internal quotation marks and brackets omitted).

In the TAC, Plaintiff fails to identify any statute or regulation imposing a mandatory duty on the County in relation to the purported duties identified by subsections (a)-(f) in Paragraph 122 of the TAC. *See supra* (listing purported duties). Counsel conceded this point during oral argument. Plaintiff does identify that California Civil Code section 1714 supplies a duty for MCJ employees, but "section 1714, standing alone, fails to provide the requisite statutory basis for public entity liability required by Government Code sections 815 and 815.6." *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1182 (2003). Thus, section 1714 does not impose a mandatory duty upon the County. Plaintiff's failure to identify a specific statute imposing a mandatory duty in Paragraph 122 is fatal to the negligence claim because it deprives the County of notice as to the statutory basis for the purported duties alleged in Plaintiff's claim. *See Sullivan v. City of Sacramento*, 190 Cal. App. 3d 1070, 1080 (1987) (holding that "no duty can be predicated on an alleged violation of the department's 'training, practices and procedures'" where plaintiff did not allege violations of a specific statutory or regulatory provision); *Lehto*, 171 Cal. App. 3d at 292-93.[2] Thus, Plaintiff has

---

[2] Plaintiff argues for the first time in her opposition that certain provisions of the California Code of Regulations supply this mandatory duty as it pertains to supervision and training related to placement of individuals in safety cells. *See* Opp'n at 5-8 (citing 15

6

failed to plead duty, a requisite element of her negligence claim against the County, and thus fails to state a cognizable legal claim for which relief can be granted. The County's motion for judgment on the pleadings as to the thirteenth claim for relief for negligence is GRANTED.

## II. Leave to Amend

Assuming that the Court would enter judgment if it granted the County's motion, Plaintiff's opposition preemptively requests relief from the anticipated judgment under Rule 60(b)(1) so as to file an amended complaint. Plaintiff seeks leave to file a fourth amended complaint to allege that the she was placed in a safety cell, in violation of certain provisions of the California Code of Regulations that govern the use of safety cells and training and procedures for identifying suicide risks, and to add the true identities of individual MCJ employees as County defendants (previously identified as DOE Jailors). *See* Opp'n at 5-7 (citing 15 C.C.R. §§ 1055, 1083 & 3365). Plaintiff's counsel cites a calendaring mistake in the office as the reason for missing the July 1, 2013 amendment deadline. Anderson Decl. ¶¶ 1-7.

At oral argument, Plaintiff's counsel acknowledged that Plaintiff essentially seeks relief from the case management deadline itself. Thus, Rule 16, and not Rule 60(b), governs Plaintiff's request. Rule 16 provides that a case management schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To show good cause, Plaintiff must demonstrate that she acted with diligence in complying with the case management order's deadlines and in seeking leave to amend. *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992) (citation omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief . . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If

---

C.C.R. §§ 1055, 1083 & 3365). The TAC, however, does not allege facts related to placement in a safety cell or identify these regulatory provisions. Therefore, the Court does not analyze whether these provisions impose a mandatory duty at this time because these regulations were not cited in the TAC and are thus not properly before the Court.

7

that party was not diligent, the inquiry should end." *Id.* at 608. "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F. R. D. 452, 459 (D. Ariz. 2012) *reconsideration denied*, No. CIV 07-0670-PHX-RCB, 2012 WL 2368478 (D. Ariz. June 21, 2012).

If Plaintiff seeks modification of the case management deadlines to amend the complaint to name individual defendants and regulations that supply a mandatory duty as to the County, Plaintiff shall file a noticed motion pursuant Rule 16(b)(4) and N.D. Cal. Local Rule 7-2. Any such motion must be filed by **November 6, 2013**.

**CONCLUSION**

For the reasons discussed above, the County's motion for judgment on the pleadings on Plaintiff's thirteenth claim for relief for negligence is GRANTED. The Court defers ruling on whether to grant leave to amend pending Plaintiff's filing of a motion for relief under Rule 16(b)(4). If Plaintiff fails to file a motion by **November 6, 2013**, the Court will enter an order granting the County's motion for judgment on the pleadings as to the negligence claim against it with prejudice.

**IT IS SO ORDERED.**

Dated: 10/16/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT